IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:03CR110-1

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| | ) | |
| APRIL DIANN WILLIAMS JACKSON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for credit toward her period of incarceration for time spent on pretrial release. The motion is denied.

The Attorney General of the United States, not the sentencing court, has the authority to compute the amount of presentence credit. *United States v. Wilson*, **503 U.S. 329 (1992).** A challenge to the computation of a sentence must be brought in the district of confinement. *United States v. Odiana*, **7 F.3d 1227 (table), 1993 WL 359159 (4th Cir. 1993) (citing *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989)).**

Assuming *arguendo* that this Court had jurisdiction to entertain the motion, it would be denied. Title 18 U.S.C. § 3585(b) provides in pertinent part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
   (1) as a result of the offense for which the sentence was imposed . . .
that has not been credited against another sentence.

Defendant argues she should be given credit for time spent on pretrial release under the conditions of bond release because those conditions constituted restrictions on her freedom equivalent to detention.

> Conditions of release are not custody. "For the purpose of calculating credit for time served under 18 U.S.C. §3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration."

***United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (quoting *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989))**. This Circuit has also denied credit for time spent in a substance abuse treatment center, rejecting the prisoner's arguments that a broad definition of "official detention" should include time released on bond based on the "degree of restraint" to which the defendant was subjected during pretrial release. ***Randall v. Whelan*, 938 F.2d 522 (4th Cir. 1991); *accord, United States v. Bowe*, 309 F.3d 234, 239 (4th Cir. 2002).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED**.

**Signed: May 11, 2005**

Lacy H. Thornburg
United States District Judge